UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

JAMES RAYMOND WALKER, JR., )
)
Petitioner, )
)
v. )        1:99-cr-00048-DBH-3
)        1:15-cv-00408-DBH
)
UNITED STATES OF AMERICA, )
)
Respondent )

**RECOMMENDED DECISION ON MOTION FOR RELEASE**

In this action, Petitioner James Raymond Walker seeks relief pursuant to 28 U.S.C. § 2255.
(Amended Section 2255 Motion, ECF No. 92.)  Through his section 2255 motion, Petitioner argues
that he is entitled to relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).  The matter
is before the Court on Petitioner's Motion for Release. (ECF No. 91.) [1]

**Discussion**

"Release should be granted to an offender pending collateral review only when the
petitioner has raised substantial constitutional claims upon which he has a high probability of
success, and also when extraordinary or exceptional circumstances exist which make the grant of
bail necessary to make the habeas remedy effective." *United States v. Vogel*, 595 F. App'x 416,
416-17 (5th Cir. 2015) (per curiam) (unpublished) (quotation marks omitted).

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the so-
called "residual clause" of the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. §

---

[1] Petitioner filed his request for release pro se. After Petitioner filed the motion for release, the Court granted his
motion to appoint counsel, and appointed counsel to represent Petitioner.  (Order, ECF No. 94.)

924(e)(2)(B), was unconstitutionally vague.  135 S. Ct. at 2555.  "Under the [ACCA], a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony,' a term defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'"  *Id.* (quoting § 924(e)(2)(B)).[2]  The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the residual clause.  *Id.* at 2555-56.  Given the *Johnson* decision, a prisoner who is serving a sentence that was enhanced based in part on the residual clause of the ACCA might be entitled to habeas relief.

Significantly, the Supreme Court did not find a constitutional deficiency with the provision of the ACCA that defines a violent felony as any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  *Id.* at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony."); *United States v. Whindleton*, 797 F.3d 105, 112 (1st Cir. 2015) (noting, on direct appeal, that the defendant did not challenge the constitutionality of the force clause after *Johnson*); *United States v. Bernardini*, --- F. App'x ---, 2015 WL 6143866, 2015 U.S. App. Lexis 18383 (6th Cir. Oct. 20, 2015) (per curiam) (unpublished) (holding that "*Johnson* left the ACCA's use-of-force clause undisturbed, and Bernardini's robbery conviction is still a violent felony under the ACCA's use-of-force clause").

---

[2] Title 18 U.S.C. § 924(e)(2)(B) states in pertinent part:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that—
>
> **(i)**      has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)**      is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

A review of the record in this case suggests that the enhancement of Petitioner's sentence under the ACCA was based on three prior robbery convictions.  The application of the *Johnson* decision to Petitioner's case thus is not readily apparent.   Petitioner, therefore, has not demonstrated at this stage of the proceedings a high probability of success on his habeas claim.  In addition, Petitioner has not presented any facts or argument that would constitute the "exceptional circumstances" necessary to justify his release on bail pending the Court's decision on his section 2255 motion.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court deny Petitioner's motion for release (ECF No. 91) without prejudice to Petitioner's ability to reassert his request for release should Petitioner conclude that he can establish a high probability of success on his claim or other facts that would constitute exceptional circumstances.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of November, 2015.